**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000591
16-JUL-2024
07:49 AM
Dkt. 54 SO**

NOS. CAAP-23-0000591, CAAP-23-0000592 and CAAP-23-0000593

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

**CAAP-23-0000591**
STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
RANDY HANOHANO, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-22-0000299)

and

**CAAP-23-0000592**
STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
RANDY HANOHANO, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-22-0000633)

and

**CAAP-23-0000593**
STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
RANDY HANOHANO, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-22-0001001)

**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, Wadsworth and Nakasone, JJ.)

Randy **Hanohano** appeals from orders denying his motions
to withdraw his no-contest pleas in three cases, all entered by

the Circuit Court of the First Circuit on September 21, 2023.[1] We consolidated the appeals. We vacate the orders and remand for further proceedings.

In 1CPC-22-0000299, Hanohano was charged with Unauthorized Entry into Motor Vehicle in the First Degree in violation of Hawaii Revised Statutes (**HRS**) § 708-836.5 (2014); in 1CPC-22-0000633, he was charged with Unauthorized Control of Propelled Vehicle in the First Degree in violation of HRS § 708-836 (2014); and in 1CPC-22-0001001, he was charged with Unauthorized Entry into Motor Vehicle in the First Degree in violation of HRS § 708-836.5 (2014) and Promoting a Dangerous Drug in the Third Degree in violation of HRS § 712-1243 (2014). He pleaded not guilty in each case. On December 27, 2022, he changed his pleas to "no contest." Judgments were entered on April 12, 2023; he was sentenced to five years in prison on each count in each case, to be served concurrently.

On April 24, 2023, Hanohano moved to withdraw his no-contest pleas. The motions were substantially identical. Hanohano claimed he was innocent of all charges, and only pleaded no contest because he thought he would be sentenced to probation. The circuit court entered orders denying the motions on September 21, 2023. These appeals followed. We review for abuse of discretion. State v. Nguyen, 81 Hawaiʻi 279, 286, 916 P.2d 689, 696 (1996).

A change-of-plea hearing was held on December 27, 2022. The circuit court told Hanohano that if he pleaded no contest, his attorney could argue for probation but the State was "free to argue sentencing on them because there's no plea agreement." Hanohano indicated he understood.

The court then had a colloquy with Hanohano. The court asked Hanohano if he talked to his attorney about the penalty for each charge in each case "a fine up to $10,000 and jail up to five years."

---

[1] The Honorable Faʻauuga L. Toʻotoʻo presided.

Hanohano replied, "Yes, sir" for each charge in each case.

The court asked Hanohano if he talked to his attorney about possible extended term sentences.

Hanohano replied, "Yes, sir."

The deputy prosecuting attorney stated, "We're going to be asking for the open five . . . at sentencing, just to -- just for clarity."

The court asked if Hanohano had any questions or concerns.

Hanohano replied, "No, sir."

The court asked if Hanohano "understood everything the Court has asked you so far this morning?"

Hanohano replied, "Yes, sir."  He then pleaded no contest to all counts in the three cases.  He signed and dated the change-of-plea forms in open court.  Each form contained this acknowledgment:

> 7.    I understand that the court may impose any of the following penalties for the offense(s) to which I now plead: the maximum term of imprisonment, any extended term of imprisonment, and any mandatory minimum term of imprisonment specified above; consecutive terms of imprisonment (if more than one charge); restitution; a fine; a fee and/or assessment; community service; probation with up to 2 years of imprisonment and other terms and conditions.

Hanohano's presentence report, dated March 23, 2023, was filed in camera on March 30, 2023.  When the April 12, 2023 sentencing hearing began, Hanohano's attorney stated he discussed the presentence report with Hanohano, and "[Hanohano] told me that *unless he gets probation, he wants to withdraw his plea.* And so I'm not sure if he wants to proceed with sentencing today."  (Emphasis added.)

The circuit court addressed Hanohano: "I'm not going to tell you right now what -- you know, that I'm not giving you probation or I'm denying probation.  Understand?"

Hanohano replied, "Yes, sir."

3

The court then stated:

> Okay. So we'll go forward with sentencing. And whether you get probation or not, that's something to be determined after I hear from you -- from the prosecutor, your attorney, and you. And then if I -- if the sentencing's not what you expect and you disagree, then, of course, you have that right to disagree and do what you think is -- and that is the next step for you to consider, is withdrawing your plea. That's up to you and your attorney to consider.
>
> Understand?

Hanohano replied, "Yes, sir."

The circuit court was correct that Hanohano could move to withdraw his no-contest plea if he was not sentenced to probation. But the court didn't tell Hanohano that if he asked to withdraw his plea before he was sentenced, he would have to show there was a "fair and just reason" for it — that is, he did not knowingly, intelligently or voluntarily waive his rights, or changed circumstances or new information (such as the presentence report) justified withdrawal of his plea, State v. Pedro, 149 Hawai'i 256, 270-71, 488 P.3d 1235, 1249-50 (2021), but if he waited until after he was sentenced, he'd have to show "manifest injustice" — that is, his plea was involuntary or he did not know the direct consequences of the plea, Nguyen, 81 Hawai'i at 292, 916 P.2d at 702.

"The 'fair and just reason' standard [governing pre-sentencing plea withdrawals] is more flexible and permissive than the 'manifest injustice' standard governing post-sentencing plea withdrawals." Pedro, 149 Hawai'i at 271, 488 P.3d at 1250. The circuit court should have informed Hanohano about his option to ask to withdraw his plea before he was sentenced, versus the consequences of taking a chance and waiting until after he was sentenced to seek to withdraw his plea, and then ask him if he wanted to proceed with sentencing. Its failure to do so was error.

The sentencing hearing proceeded. The State requested "the open five-year term incarceration in each case." Hanohano's

attorney requested a sentence of "probation with up to one year jail with early release to an appropriate program that's recommended by his probation officer." Hanohano addressed the court. He asked for probation. After a recess, the court announced the sentences of imprisonment and entered the judgments.

At the September 20, 2023 hearing on Hanohano's motion to withdraw his no-contest plea, Hanohano explained:

> It was misunderstanding. There's confusion. The plea was involuntary, number one. It was unknown and unintelligent. He [apparently referring to defense counsel] gave the impression when he was talking to me that I was going on probation.
>
> . . . .
>
> Okay. So there was a lot of ***promises and inducement. He promised me five things***. He said, number one, you're going on probation. He said, number two, you're getting released. He said, number three, you're going to get an appeal. He said, number four, we're going to withdraw your plea. And then, number five, he said there was going to be a dismissal.

(Emphasis added.)

Hanohano argues the circuit court erred by failing to conduct an evidentiary hearing on his motion to withdraw his no-contest pleas. See State v. Merino, 81 Hawaiʻi 198, 223, 915 P.2d 672, 697 (1996) (noting that "the trial court may hold an evidentiary hearing to determine the plausibility and legitimacy of a defendant's reasons for requesting withdrawal of his or her plea"). The circuit court did not ask Hanohano's attorney whether Hanohano's contentions about "promises and inducement" were accurate.[2] We conclude the trial court should have held an

---

[2] Hawaiʻi Rules of Professional Conduct Rule 1.6 provides:

> (b)  A lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary:
>
> . . . .
>
> (4)  . . . to respond to allegations in any proceeding concerning the lawyer's representation of the client[.]

(continued...)

evidentiary hearing on this issue because if true, Hanohano's explanation about why he decided to plead no contest may have justified granting his motion to withdraw his no-contest pleas under the circumstances of this case.

For these reasons, we vacate the circuit court's September 21, 2023 "Order Denying Defendant's Motion to Withdraw No Contest Plea" in each of these consolidated cases and remand to the circuit court for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, July 16, 2024.

On the briefs:

Emmanuel G. Guerrero,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

---

[2](...continued)
Hawaii Rules of Evidence Rule 503 (2016) (Lawyer-client privilege) provides:

(d)    Exceptions.  There is no privilege under this rule:

. . . .

(7)    Lawyer's professional responsibility.  As to a communication the disclosure of which is required or authorized by the Hawaii rules of professional conduct for attorneys.